## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Weight Watchers
of Virginia, Inc.

v.

Arline L. Jarashow

February 3, 1971

Case No. (Chancery) 14419

BY JUDGE PHILIP L. RUSSO

The court has now carefully studied all of its notes in this matter and has also checked all of the authorities cited by counsel for both sides.

The case of *Welcome Wagon v. Morris*, 244 F.2d 693 (4th Cir. 1955), laid down the following tests to be considered in cases of this kind. They are as follows:

1. Is the restraint, from the standpoint of the employer, reasonable in the sense that it is no greater than is necessary to protect the employer in some legitimate business interest?

2. From the standpoint of the employee, is the restraint reasonable in the sense that it is not unduly harsh and oppressive in curtailing his legitimate efforts to earn a livelihood?

3. is the restraint reasonable from the standpoint of a sound public policy?

In the *Welcome Wagon* case, *supra*, the Court of Appeals held that the covenant and the employment was void and unenforceable in that the length of time, namely, five years after the employee leaves Welcome Wagon, is entirely too long to be reasonably necessary to protect Welcome Wagon and is unreasonably oppressive/ on the former employee.

The court also held that the territory covered is too vast.

In the *Welcome Wagon* case, *supra*, the covenant stated as follows:

(1) Gastonia, North Carolina, and/or (2) in any other city, town, township, village, borough, province or other place in the U.S. or Canada in which said Thomas W. Briggs under any of said trade names has been or has signified his intention to be engaged in rendering the said services.

The court held, in the *Welcome Wagon* case, *supra*, that it was "harsh and oppressive." The language of the court is as follows:

(1) Welcome Wagon now operates in twelve-hundred cities and might extend its operation to many other cities. The type of employment forbidden by the covenant is certainly expansive.

(2) There were no deep trade secrets and no highly confidential information which was given by Welcome Wagon to Morris. The distinctive technique (if such it be) employed by these hostesses of Welcome Wagon was well and widely known.

In the *Welcome Wagon* case, *supra*, the court rejected the argument that the covenant was separable into parts and that it should be held valid insofar as it applies to the City of Gastonia and that the defendant should be enjoined from pursuing her present activities in Gastonia. The court said as follows:

We cannot agree with this suggestion. We think the restrictive covenant must be judged as a whole and must stand or fall when so judged.

The case of *Worrie v. Boze*, 191 Va. 916 (1951), lays down the following propositions insofar as these restrictive covenants are concerned. The court said that restrictive covenants of this character, which reasonably protect the employer's business and are incident and ancillary to the contract of employment and limited as to area and duration, are enforceable in equity unless (1) found to be contrary to public policy, (2) unnecessary for employer's protection, (3) unnecessarily restrictive of the rights of the employee, due regard being had to the subject matter of the contract and the circumstances under which it is to be performed. The agreement to be ruled upon by the court in the instant case is titled "Employment Agreement" and is as follows:

In consideration of special and unique training given to me in the course of instruction which is being provided free of

charge by Weight Watchers of Virginia, I agree that after having accepted this training from, or having worked for, Weight Watchers of Virginia, I will not, directly or indirectly, be engaged in or connected with the same or similar field of endeavor within fifty miles of any Weight Watchers International, Inc., office or the office of any franchise holder which may exist on the date of the termination of this employment relationship, for at least nine (9) months after the termination of such employment.

I agree that at no time during or after the termination of this employment or course of instruction will I reveal, divulge or make known to anyone any secret or confidential information or any of the techniques which I may learn through my relationship with Weight Watchers International, Inc., or any of its affiliates, subsidiaries or licensees; nor will I in any way reveal or utilize on my behalf the name of any of its customers; nor will I solicit, interfere with, or endeavor to entice away any of these customers, or any of its employees, from Weight Watchers International, Inc., or any of its affiliates, subsidiaries or licensees.

I acknowledge that prior to beginning this course of instruction and training, I have had no experience in the field of weight reduction and that to the best of my knowledge, this training is novel and involves trade techniques and secrets created by and known only to Weight Watchers International, Inc., its affiliates, subsidiaries and licensees.

It is significant that in the *Welcome Wagon* case, the court stated that virtually all of the fourteen persons and firms who were last with the plaintiff as its sponsors in Gastonia testified for the defendant and clearly gave evidence that their employment of the defendant following her resignation and their cancellation of the contract was without any effort on the part of the defendant and wholly was the thought of their own head and mind.

In the case at bar, the defendant had many witnesses testify to the effect that they were not solicited by the defendant but that they personally sought out the defendant themselves. This was made quite clear by many of the defendant's witnesses who were called upon to testify in support of the proposition that they were not solicited by the defendant. As a matter of fact, one of the witnesses for the complain-

ant, namely, Delores Blake, who is the office manager of the complainant's Wilmington, Delaware, office and also secretary to Mr. Arthur Wiener, President of the complainant corporation, testified that she enrolled in one of the defendant's classes under the assumed name of Susan Dufine and that she was told by the defendant it was not a Weight Watchers' class but that there was a Weight Watchers' class in the immediate area. It is the opinion of the court that judgment should be rendered in favor of Arline Jarashow in this matter in that the agreement was "harsh and oppressive" to the defendant. As the court stated in the *Welcome Wagon* case, it now operates in twelve hundred cities and might extend its operations to many other cities. The type of employment forbidden by the covenant was expansive. The agreement in the instant case restricted the defendant from being engaged in or connected with the same or similar field of endeavor within fifty miles of any Weight Watchers' International, Inc., office or the office of any franchise holder which may exist on the date of the termination of this employment relationship, for at least nine months after the termination of such employment. In the case at bar, at the time the defendant left the employ of the complainant, there could possibly have been an office in every city of the United States, and it is the opinion of this court that, as was stated in the *Welcome Wagon* case, *supra*, the covenant is certainly expansive and is, therefore, "harsh and oppressive" to the defendant.

The court in the *Welcome Wagon* case, *supra*, said that these were not deep trade secrets and not highly confidential information which was given by Welcome Wagon to Morris. "The distinctive technique (if such it be) employed by these hostesses of Welcome Wagon was well and widely known."

In the case at bar, the testimony was that the defendant was a member of a Weight Watchers' class for a period of at least one year prior to the time that she took any course of instruction. It is the opinion of this court that the defendant did not learn anything from her course of instruction and her employment that she had not already learned from her year of membership, for which she paid.

Counsel for the complainant argued, and very well, that the covenant could and should be separable into parts. As aforestated, this was also argued in the *Welcome Wagon* case, *supra*, and the court rejected that argument. Counsel for the complainant in the instant case cited authorities for his contention, and the court has reviewed these authori-

ties. It is the opinion of this court that the better view is that which was adopted in the *Welcome Wagon* case, *supra*, and that the covenant is not separable into parts and that the restrictive covenant must be judged as a whole and must stand or fall when so judged.

It is the opinion of this court that the law and equities are in favor of the defendant, Arline Jarashow, and that she should prevail in this cause.